■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAKE ADAMS, Appellant.— Judgment of conviction unanimously reversed on the law and facts and a new trial granted. Memorandum: The appellants were convicted in Erie County Court on two counts, viz. burglary, third degree and grand larceny, second degree. They were accused of breaking into the show window of a television store and taking therefrom two television sets. They were apprehended within minutes after the event and the television sets were found in the defendant Adam's cab resting against the knees of the defendants Anderson and Easter. Each of the defendants gave written statements, which were offered in evidence and received in evidence as to the defendant to whom it applied. The statement of Adams exculpates himself and places the blame upon his two codefendants. Anderson blames Adams and exculpates himself and Easter. Easter, who did not appeal, exculpates himself and Anderson and blames Adams. But the last confession contains a reference to Anderson's previous criminal record. The reference was clearly redactable. Timely objection was taken by appellant's counsel. The District Attorney agreed to the editing and elimination of this reference but the court refused and the statement was received with the prejudicial reference to Anderson's previous criminal record. It was not an admission by either Adams or Anderson. None of the

defendants testified. The unedited statement over objection of counsel was thus improperly received and was highly prejudicial to both Adams and Anderson. We have had occasion recently in this court to reject the admission of unedited but clearly redactable statements in evidence. (*People* v. *Robinson,* 16 A D 2d 184.) But in this case in addition to the defects noted in *People* v. *Robinson* (*supra*), there are other reasons for reversal inasmuch as the so-called statements were not admissions of self complicity but rather of self exculpation coupled with accusation against the codefendants. The judgments of conviction in both the Adams and Anderson cases should be reversed and new trials granted. (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree, and grand larceny, second degree.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.